AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 21-8078 MB
)
Use of a Cell-Site Simulator to Locate the Cellular )
Device Assigned Call Number [(480)228-4892] )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ____Arizona____
*(identify the person or describe the property to be searched and give its location)*:

**See Attachment A**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**See Attachment B**

   **YOU ARE COMMANDED** to execute this warrant on or before   4-9-21   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

   Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

   The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _any US Magistrate Judge on duty in the Phoenix Division_.
*(United States Magistrate Judge)*

   ☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
      ☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  3-26-21 @ 2:28 p.m.    _____
                                                  *Judge's signature*

City and state:    Phoenix, Arizona           Honorable John Z. Boyle, U.S. Magistrate Judge
                                                  *Printed name and title*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (480) 228-4892 whose wireless provider is T-Mobile, and is being used by Richard Pratt.

## ATTACHMENT B

Pursuant to an investigation of Richard Pratt for a violation of 18 U.S.C. 2113 (Bank Robbery), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Print    Save As...    Reset

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the
*(Briefly describe the property to be searched or identify the person by name and address)*
Use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number (480)228-4892

)
)
)
)
)
)

Case No. 21-8078 MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____Arizona_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113 | Bank Robbery |

The application is based on these facts:
See Affidavit. In addition, to ensure compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, AUSA Brett Day certifies that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by Federal Bureau of Investigation.

☐ Continued on the attached sheet.
☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Raymond Pauwels*
*Applicant's signature*

Reviewed by: Brett A. Day, AUSA. *BDay*

Raymond Pauwels, Task Force Officer
*Printed name and title*

Sworn to and signed Electronically

Date: 3-26-21 @ 2:28p.m.

*Judge's signature*

City and state: Phx, Az.

Honorable John Z. Boyle, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (480) 228-4892 whose wireless provider is T-Mobile, and is being used by Richard Pratt.

## **ATTACHMENT B**

Pursuant to an investigation of Richard Pratt for a violation of 18 U.S.C. 2113 (Bank Robbery), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Raymond Pauwels, a Task Force Officer with the Federal Bureau of Investigation, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **(480) 228-4892**, (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Task Force Officer with the Federal Bureau of Investigation's (FBI) Violent Crime Task Force. I have been a Police officer since March 1997, and a member of the Violent Crime Task Force since February 2020. Prior to being assigned to the Violent Crime Task Force, I investigated robberies, armed robberies, kidnappings, car jackings, burglaries, and purse snatches as a detective for the Phoenix Police Department.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. There is reason to believe the Target Cellular Device is currently located within this district. On March 24th, 2021, the identified suspect in this case, Richard Pratt's cell phone information was located in the cell phone of Francisco Bejarano's cell phone while executing a search warrant of the device. Richard has history of residing at numerous locations in Sacaton, Arizona which happens to be Gila River tribal land. The Target Cellular Device has an area code of 480, which is one

of the area codes assigned to the Sacaton Arizona area. All of the incidents Pratt is suspected of being involved in occurred within the District of Arizona. The Target Cellular Device's phone number is a phone number Pratt is the registered subscriber with T-Mobile and used to communicate with Francisco Bejarano who is also a subject in this investigation.

5. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. 2113 (Bank Robbery) have been committed, are being committed, and will be committed by Richard Pratt. There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8. The FBI Violent Crime Task Force, along with other local law enforcement agencies, has been investigating a series of bank robberies, in violation of 18 U.S.C. 2113, which have occurred since January 21st, 2021. Investigators believe that the same two individuals are responsible for this series of bank robberies. During this bank robbery series, a Hispanic or Native American male (**SUSPECT-1**) has committed bank robbery at six different Bank locations within the District Arizona, to include the cities of Phoenix, Glendale, and

2

Chandler, Arizona. The suspects have worn the same, or similar, clothing in each robbery and has made similar verbal demands for cash. The White male suspect (**SUSPECT-2**) has also been found to have the same M.O. (Modus Operandi) in each robbery incident.

9. Through the course of the investigation your affiant has identified **Richard PRATT (xx/xx/1984)**, as **SUSPECT-1** in each of the six robberies based on clothing, M.O.(Modus Operandi) and distinctive tattoos. Your affiant has also learned that **PRATT** utilizes the cellular phone number of **(480) 228-4892 (Target Phone)**, with T-Mobile as the Service Provider.

10. Each robbery related to this investigation is listed and described below. The following facts are set forth to establish probable cause for the issuance of a search warrant for the aforementioned items exist.

## Summary of Bank Robberies to Date

11. <u>Robbery #1 January 21, 2021: First Convenience Bank, located at 2020 N. 75th Avenue, Phoenix, Arizona.</u> At approximately 3:55 p.m., **SUSPECT-1** entered the First Convenience Bank, located within a Walmart store wearing a white or gray sweatshirt turned inside out, red Phillies baseball hat, black face mask, and blue jeans. **SUSPECT-1** approached the victim-teller and presented a demand-note. Before the victim-teller could read the note, **SUSPECT-1** pulled it away, brandished a black handgun, and verbally demanded cash. The victim-teller told **SUSPECT-1** that she had no money. **SUSPECT-1** then raised his voice demanding money. A second victim-teller heard **SUSPECT-1**

demanding money, so she then removed $9,494.00 from her drawer and provided it to **SUSPECT-1**. **SUSPECT-1** the exited the bank on foot.

12. **SUSPECT-1** is described as a Hispanic or Native American` male, 20-30 years old, 5'10" to 6' tall, approximately 200 pounds with a heavy build. **SUSPECT-1** has a scripture tattoo on the right side of his neck.

13. Surveillance video from First Convenience Bank and Walmart shows **SUSPECT-1** arrive at the Walmart store in an early 2000's BMW X5 SUV with a paper license plate. **SUSPECT-1** entered the south door of the store closest to the bank.

  

14. <u>Robbery #2 January 22, 2021: Chase Bank, located at 9490 W. Camelback Road, Phoenix, Arizona.</u> At approximately 9:00 a.m., **SUSPECT-2** entered the Chase Bank, wearing a maroon "ASU" sweatshirt, red baseball cap with a white "W" on the front, black face mask with bandana print, black pants, and black athletic shoes. **SUSPECT-2** approached the victim-teller, verbally demanded all the money from the drawer, and presented a demand-note. As the victim-teller was gathering money from his drawer, **SUSPECT-2** approached a second victim-teller and stated that if he did not get money, he was going to shoot people. **SUSPECT-2** then returned to the first victim-teller and was provided $1,000.00. **SUSPECT-2** demanded more money, and as the victim-teller was gathering more money, **SUSPECT-2** picked up the original $1,000 and exited the bank.

15. **SUSPECT-2** is described as a Hispanic male, 20-30 years old, 5'7" tall, approximately 225 pounds.

16. Surveillance video from Chase Bank shows **SUSPECT-2** enter the driver's door of a 2000's gold Honda Accord with body damage and missing hubcaps. The Honda exits the parking lot and heads east on Camelback Road. Glendale traffic cameras observed the Honda at 9100 W. Camelback Road making a southbound turn to 91st Avenue moments after the robbery.



17. <u>Robbery #3 January 26, 2021: Chase Bank, located at 3502 W. Bell Road, Phoenix, Arizona</u>. At approximately 10:25 a.m., both **SUSPECT-1** and **SUSPECT-2** entered the Chase Bank together and wait in the teller line for a teller window to open. **SUSPECT-1** appears to wearing the same clothing as in Robbery 1, gray sweatshirt inside out, black pants and black athletic shoes, surgical mask and black beanie. **SUSPECT-2** is wearing a red/white beanie cap, red zip up sweatshirt, red sweatpants, white athletic shoes, and a black face mask. Once a teller window becomes available, both **SUSPECTS** approach the teller window. **SUSPECT-1** demanded cash from the victim-teller and brandished a black handgun. The handgun appears to be the same handgun used in Robbery 1. **SUSPECT-2** stood a few feet behind **SUSPECT-1** served as a lookout. The victim-teller provided a small amount of cash from her drawer to **SUSPECT-1**. **SUSPECT-1** demanded more cash and threatened to shoot the victim-teller if she did not produce more. The victim-teller then retrieved more money from her

5

drawer and provided **SUSPECT-1** a total of $2,333.00. Both **SUSPECTS** then exited the bank.

18. Surveillance video from Chase Bank shows what appears to be the same 2000's gold Honda Accord with body damage and missing hubcaps from Robbery 2 enter the bank parking lot on the north side. Seconds later, both **SUSPECTS** appear in the video and enter the bank together. Upon exiting the bank, both **SUSPECTS** flee toward the north towards the Honda Accord. Based upon the physical descriptions, modus operandi, and vehicle description, Your Affiant is confident that the two suspects from Robbery 3 are the same suspects from Robbery 1 and 2, and that both **SUSPECTS** are working together.




19. <u>Robbery #4 February 5th 2021: Desert Financial Credit Union, located at 5845 W. Bell Rd., Glendale, Arizona.</u> At approximately 5:19 p.m., **SUSPECT-1** entered the bank and approached the teller window. **SUSPECT-1** told the teller "I need to cash a check." **SUSPECT-1** then produced a demand note that said "I want all the cash", the victim complied and as she provided cash **SUSPECT-1** told her to "hurry." Once **SUSPECT-1** was provided the cash he told the teller he wanted more cash and she complied. **SUSPECT-1** then took the demand note and approximately $499.00 cash and left the bank and was seen driving an older model tan vehicle.

20. **SUSPECT-1** was described as a Native male, 5'10"-6'01", heavy set, wearing a black hat, an orange reflective construction bib, long sleeve shirt, and a dark face mask.

21. Upon review of surveillance video **SUSPECT-1** appears to be the same suspect involved in incidents one and three who used a handgun during those robberies.



22. <u>Robbery #5 March 6th, 2021: Desert Financial Credit Union located at 2750 E. Germann Rd., Mesa, Arizona.</u> At approximately 10:55 a.m. **SUSPECT-1** approached the teller window and said something to her she was not able to understand. **SUSPECT-1** then produced a note that read "give me your money" and placed it under the bandit barrier. The teller pushed the robbery alarm and **SUSPECT-1** pulled the note back and walked away. **SUSPECT-1** did not obtain any currency from the bank.

23. **SUSPECT-1** was described as a Hispanic or Native male, 6'00"-6'02", 200-250 pounds, wearing a blue surgical mask, red and white "ASU" ballcap, gray sweatpants and black Nike shoes. **SUSPECT-1** had tattoos on top of both hands.

24. Upon review of surveillance video **SUSPECT-1** appeared to be the same suspect involved in incidents 1,3 and 4, based on M.O., physical description, similar clothing, and tattoos.

25. <u>Robbery #6 March 18th, 2021: BBVA Bank 3075 W. Chandler Boulevard, Chandler, Arizona.</u> At approximately 3:28 p.m. **SUSPECT-1** entered the bank and walked immediately to the teller window and produced a note that said "put the money in the

bag" **SUSPECT-1** repeated the demand verbally and produced a black bag. The teller complied and placed $3002.00 in the bag and **SUSPECT-1** asked for the note and the teller returned it. **SUSPECT-1** left the bank in an unknown direction.

26. **SUSPECT-1** was described as Hispanic male, 6'00" and 220 pounds, wearing a long sleeve neon "SHOLZ" construction shirt, a dark colored bandana around his neck, blue face mask, orange and brown ballcap, black pants, black athletic shoes, and a small black nylon bag.

27. Upon review of surveillance **SUSPECT-1** appears to be the same suspect in incidents 1,3,4,and 5 based on M.O., and physical description.

1. 

### Investigation

28. On February 8, 2021, Detectives received a tip that a subject named Frankie BEJARANO (xx/xx/1988) had committed a bank robbery on February 21, 2021, using a handgun he borrowed from a neighbor. The tip indicated that BEJARANO lived at 8705 W. Mackenzie Drive, Phoenix, AZ, and the neighbor who loaned him the gun lived at 8709 W. Mackenzie. Through investigation detectives learned that Bejarano lives at 8709 W. Mackenzie Dr. and the neighbor lives at 8705 W. Mackenzie Dr.

29. Detectives researched and found that Francisco BEJARANO lives with his mother Melissa Bejarano at 8709 W. Mackenzie Dr. BEJARANO's physical description matches **SUSPECT-2**'s physical description from Robberies 2 and 3.

30. Detectives began surveillance on both addresses on February 8, 2021. Detectives identified Raymundo PONCE as BEJARANO's next door neighbor at 8705 W. Mackenzie Dr. PONCE is also the registered owner of a gold 2009 Honda Accord.

31. Detectives followed PONCE to 4526 E. Saint Anne. Ave, Phoenix, AZ. where the 2009 Honda Accord is registered. There, detectives observed a gold Honda Accord parked in the driveway with similar front end damage, a donut tire on the driver rear and passenger front tire as seen in bank surveillance video.

32. PONCE parked the vehicle he arrived in, got into the 2009 Gold Honda Accord, and drove it to a car wash. Detectives noticed writing on the windshield of the gold Honda Accord indicative that the vehicle had recently been towed. Further investigation revealed that the Honda had recently been towed from 4119 N. 72nd Dr. and officers located paperwork in the vehicle for Francisco Bejarano and his girlfriend.

33. At the car wash, PONCE appeared to wash the vehicle to include the engine compartment. He then returned the vehicle to 4526 E. Saint Anne where he parked the vehicle under a carport with a cover to prevent it from being seen from the road. PONCE then returned to 8705 W. Mackenzie Dr.

34. On February 9, 2021, detectives watched PONCE exit his home at 8705 W. Mackenzie Dr. and contact someone at 8709 W. Mackenzie Dr. verifying there is a connection between the two homes.

35. On February 10, 2021, detectives observed PONCE arrive at 8709 W. Mackenzie Dr. and contact BEJARANO in the driveway of the home verifying there is a connection between the two individuals.

36. Detectives searched Facebook and found BEJARANO has at least two publicly accessible accounts. Each of BEJARANO's accounts contain many of the same photographs. The Facebook account with username "Frankie Bejarano" has photographs with him wearing a Washington Nationals baseball cap that is identical to the one worn by **SUSPECT-2** in Robbery 2. The Facebook account with username "Frankie Rodriguez" has many of the same photographs as the account with username "Frankie Bejarano." It also had a picture of BEJARANO wearing a red sweat suit with black on the arms that is identical to the one worn by **SUSPECT-2** in Robbery 3. There is a picture of BEJARANO holding a handgun that appears to be the same handgun used by **SUSPECT-1** in Robberies 1 and 3.

9

37. On February 24, 2021, detectives learned that BEJARANO had been arrested for a parole violation after his girlfriend reported he had been using drugs and pointed a shotgun at her head.

38. Detectives contacted BEJARANO's parole officer with the Arizona Department of Corrections who confirmed BEJARANO had been taken into custody for violating parole. The Parole Officer further verified BEJARANO was living with his mother at 8709 W. Mackenzie Dr. The Parole Officer further stated that she is in possession of BEJARANO's cell phone that he had with him at the time of his arrest.

39. Detectives served a federal search warrant at the residence located at 8709 W. Mackenzie Drive on March 4, 2021. While at the residence, your affiant spoke with BEJARANO's mother Melissa who is the homeowner. Melissa stated her son BEJARANO lived with her and slept in the northeast bedroom. She also stated that for several weeks, BEJARANO had a male friend living with him in the room and she did not know the subject's name. Melissa was shown a known photograph of Richard PRATT (**SUSPECT-1**) and she reluctantly said that the photo looked like the male that was staying in her home with BEJARANO.

40. During the search of BEJARANO's bedroom, detectives located a plastic bag in the closet that contained numerous papers from Arizona courts and Department of corrections with the name Richard Pratt on them.

41. While reviewing the paperwork and looking at pictures of **PRATT** he has a tattoo on his neck and tattoos on his hands that match tattoos see in surveillance videos of **SUSPECT-1** in the robberies. **PRATT** is also a physical match to **SUSPECT-1** and appears to be the same suspect involved in the listed armed robberies.

42. On March 24, 2021, during a search of BEJARANO's cell phone pursuant to a federal search warrant, detectives located information indicating communication between BEJARANO and PRATT. PRATT's phone number 480-228-4892 (**Target Phone**) was stored in the phone with the name Rich Pratt next to it.

43. Detectives have checked all known addresses for **PRATT,** most of which are on the Gila River Indian Reservation in Sacaton, Arizona.

44. Detectives have learned that **PRATT** is possibly homeless and staying with friends who will let him stay temporarily.

45. Detectives believe **PRATT** is actively committing bank robberies in Chandler, Arizona, which is within close proximity of the Indian reservation in Sacaton, Arizona.

## MANNER OF EXECUTION

46. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

47. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

48. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its

vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

49. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

50. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the person carrying the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

51. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Raymond PauwelsTask Force Officer,
F.B.I. Phoenix, Arizona

*Raymond Pauwels*

Subscribed and sworn to

electronically On: 3-26-21

*JcBoyl*

HONORABLE JOHN Z. BOYLE
UNITED STATES MAGISTRATE JUDGE